# Exhibit A

# Exhibit A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Moog Inc.                                                    December 27, 2024
Bethany Ben Abdallah Corporate Paralegal
Moog Inc.
400 Jamison Rd. – Plant 26
Elma NY 14059

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2024-65

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Moog Inc. |
| 2. | **Title of Action:** | Alex Grabowski, et al. vs. Moog Inc. f/k/a MMC Sterilization Services Group, Inc., etc., et al |
| 3. | **Document(s) Served:** | Civil Cover Sheet<br>Complaint for Damages and Jury Trial Demand |
| 4. | **Court/Agency:** | Erie County Common Pleas Court |
| 5. | **State Served:** | Pennsylvania |
| 6. | **Case Number:** | 2024-13177 |
| 7. | **Case Type:** | Negligence/Product Liability |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 12/26/2024 |
| 10. | **Date to Client:** | Friday 12/27/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Thomas E. Bosworth<br>Philadelphia, PA<br>267-928-4183 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 391 |
| 16. | **Notes:** | Please note the Summons page was not included with this document.<br>Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



## COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

GRABOWSKI, ALEX

V

MOOG INC F/K/A MMC STERILIZATION
SERVICES GROUP INC F/K/A MEDICAL
MANUFACTURING CORP

NO. 2024-13177

### CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document underlining commencing an action in the Erie County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: ALEX GRABOWSKI, Pro Se

Self-Represented (Pro Se) Litigant

| | | | |
|---|---|---|---|
| **Class Action Suit** | Yes | X No | |
| **MDJ Appeal** | Yes | X No | |

**Commencement of Action:**

Complaint

**Money Damages Requested** X

**Amount in Controversy:**

More than $50,000

## Case Type and Code

Tort:

Product Liability

## Other:

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### IN THE COURT OF COMMON PLEAS
### OF ERIE COUNTY

| | |
|---|---|
| **ALEX GRABOWSKI and** | ) |
| | ) |
| **LAUREN GRABOWSKI** | ) |
| | ) |
|     **PLAINTIFFS,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **MOOG INC. f/k/a MMC** | ) |
| **STERILIZATION SERVICES GROUP,** | )     **CIVIL ACTION FILE NO.:** |
| **INC. f/k/a MEDICAL** | ) |
| **MANUFACTURING CORP.;** | )     _____ |
| | ) |
| **IUVO BIOSCIENCE-ERIE, LLC;** | ) |
| | ) |
| **ERIE STERILIZATION REAL** | ) |
| **ESTATE, LLC;** | ) |
| | ) |
| **TARTAN HOLDINGS, LLC.;** | ) |
| | ) |
| **TARTAN HOLDINGS II LLC;** | ) |
| | ) |
| **PAUL NIEMET;** | ) |
| | ) |
| **JEFFREY DICKSON;** | ) |
| | ) |
| **MARY RICHARDSON;** | ) |
| | ) |
| **JOHN DOES NO. 1-10;** | |
| | |
|     **DEFENDANTS.** | |

_____

### COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

COME NOW Plaintiffs ALEX GRABOWSKI and LAUREN GRABOWSKI, by and through counsel of record, and hereby state their Complaint for Damages as follows:

1.    This action arises from injuries sustained by Plaintiff ALEX GRABOWSKI and property damage sustained by Plaintiff on Plaintiff's property as a proximate result of exposure to

Case# 2024-13177-O Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ethylene oxide that was used on, stored on, and emitted from the premises previously owned by Defendants MOOG, INC., f/k/a MMC STERILIZATION SERVICES GROUP, INC f/k/a MEDICAL MANUFACTURING CORP. and ERIE STERILIZATION REAL ESTATE LLC, and used on, stored on, and emitted from the facility operated by Defendants IUVO BIOSCIENCE-ERIE, LLC, TARTAN HOLDINGS, LLC, TARTAN HOLDINGS II, LLC, and MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC f/k/a MEDICAL MANUFACTURING CORP through their unsafe practices in sterilizing medical equipment. As a proximate result of Defendants' unsafe ethylene oxide emissions, Plaintiff ALEX GRABOWSKI contracted and was diagnosed with and is suffering from Acute Myeloid Leukemia. Further, as a proximate result of Defendants' unsafe ethylene oxide emissions, Plaintiffs' property was damaged, and Plaintiff suffered from discomfort and annoyance.

2.     The Court of Common Pleas for Erie County has original jurisdiction over this matter, and this action is not subject to federal jurisdiction or removal to federal court under the provisions of 28 U.S.C. § 1332 because the claims asserted in this action relate to a tort committed in Erie, Pennsylvania, and one or more of the parties in interest properly joined and served as a defendant in this action is a citizen of the state in which the action has been brought. *See*, 28 U.S.C. § 1441(b).

3.     Venue is proper pursuant to Pa. R. Civ. No. 302(C)(3) because Plaintiff's claims arose in Erie County, Pennsylvania. The Defendants because they either own, owned, operate and/or operated a sterilization plant in Pennsylvania at 2205 East 33rd Street, Erie, Pennsylvania 16510 from which a hazardous substance or hazardous material has been released into and polluted the environment of Pennsylvania and caused injury to Plaintiff while residing in Pennsylvania, or

manufactured or supplied the hazardous substances substance materials that were released form said premises.

## PARTIES

4.    Plaintiffs ALEX GRABOWSKI and LAUREN GRABOWSKI are residents and citizens of the state of Pennsylvania.

5.    Plaintiffs ALEX GRABOWSKI and LAUREN GRABOWSKI are married.

6.    Plaintiff ALEX GRABOWSKI owns property located at 1229 East 28th Street, Erie, Pennsylvania 16504.

7.    Plaintiff's property is approximately 1.17 miles east of the location of the Facility, located at 2205 East 33rd Street, Erie, Pennsylvania 16510.

8.    Defendant MOOG INC. f/k/a MMC MEDICAL STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. is a foreign business corporation registered to do business in the state of Pennsylvania.

9.    Defendant MOOG INC. f/k/a MMC MEDICAL STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. may be served with Summons and Complaint at its registered office: Corporate Creations Network Inc., 1001 State Street #1400, Erie, Pennsylvania 16501.

10.    Defendant MOOG INC. f/k/a MMC MEDICAL STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. is subject to the jurisdiction of this Court, and venue is proper as to this Court.

11.    Defendant IUVO BIOSCIENCE-ERIE, LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania.

Case# 2024-13177-O Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12.     Defendant IUVO BIOSCIENCE-ERIE, LLC may be served with Summons and Complaint at its registered office: 2205 E 33rd St Erie, Erie County, Pennsylvania 16510.. Said Defendant may also be served at its headquarters address: 7500 West Henrietta Road, Rush, New York 14543.

13.     Defendant IUVO BIOSCIENCE-ERIE, LLC is subject to the jurisdiction of this Court, and venue is proper as to this Court.

14.     Defendant ERIE STERILIZATION REAL ESTATE, LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania.

15.     Defendant ERIE STERILIZATION REAL ESTATE, LLC may be served with Summons and Complaint through its registered agent, Quinn Law Firm, 2222 West Grandview Boulevard, Erie, Pennsylvania 16506.

16.     Defendant ERIE STERILIZATION REAL ESTATE, LLC is subject to the jurisdiction of this Court, and venue is proper as to this Court.

17.     Defendant TARTAN HOLDINGS, LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania.

18.     Defendant TARTAN HOLDINGS, LLC may be served with Summons and Complaint at its registered office, 5805 Holden Street Pittsburgh, PA 15232.

19.     Defendant TARTAN HOLDINGS, LLC is subject to the jurisdiction of this Court, and venue is proper as to this Court.

20.     Defendant TARTAN HOLDINGS II, LLC is a Pennsylvania limited liability company with a principal place of business in the State of Pennsylvania.

21.     Defendant TARTAN HOLDINGS II, LLC may be served with Summons and Complaint at its registered office, 6492 Reynolds St. Pittsburgh, PA 15224.

Case# 2024-13177-O Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4.23 PM, Fee = 143.75  The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial
System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

22.    Defendant TARTAN HOLDINGS, LLC is subject to the jurisdiction and venue of this Court.

23.    Defendant PAUL NIEMET is a citizen and resident of the State of Pennsylvania.

24.    Defendant PAUL NIEMET can be personally served with Summons and Complaint at his residence: 4120 Mountain Laurel Dr, Erie, PA 16510-6610.

25.    Defendant PAUL NIEMET is subject to the jurisdiction of this Court, and venue is proper as to this Court.

26.    Defendant JEFFREY DICKSON is a citizen and resident of the State of Pennsylvania.

27.    Defendant JEFFREY DICKSON can be personally served with Summons and Complaint at his residence: 676 Smithson Ave, Erie, PA 16511-2065.

28.    Defendant JEFFREY DICKSON is subject to the jurisdiction of this Court, and venue is proper as to this Court.

29.    Defendant MARY RICHARDSON is a citizen and resident of the State of Pennsylvania.

30.    Defendant MARY RICHARDSON can be personally served with Summons and Complaint at her residence: 2503 Crestline Dr Lansdale, PA 19446-6091.

31.    Defendant MARY RICHARDSON is subject to the jurisdiction of this Court, and venue is proper as to this Court.

32.    Defendants JOHN DOES No. 1 through 10 are believed to be Pennsylvania or foreign corporations, LLCs, partnerships, associations, adult individuals, or other legal entities that have transacted business in the State of Pennsylvania and are and whose acts, omissions, failures and conduct are responsible for the injuries and damages incurred by Plaintiffs. John Doe

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants 1-10 are unidentified persons and/or entities pled under Pa. R. C. P. 2005, whose names, despite reasonable diligence and investigation, are presently unknown. Once the identity and the whereabouts of the John Doe Defendants are established, said Defendant(s) will be served with a copy of summons and complaint as provided by law. Defendants JOHN DOE No. 1 through 10 are subject to the jurisdiction and venue of this court. Defendants JOHN DOE 1 through 10 are unidentified persons and/or entities pled under Pa. R. C. P. 2005, whose names, despite reasonable diligence and investigation, are presently unknown and whose acts, omissions, failures and conduct may have caused and/or contributed to the subject incidents and events.

33.     Defendants MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP., TARTAN HOLDINGS, LLC, TARTAN HOLDINGS II, LLC, and IUVO BIOSCIENCE-ERIE, LLC have at various time since at least 1986, operated a facility in Erie, Pennsylvania that sterilizes medical equipment using the chemical Ethylene Oxide ("EtO"). The facility ("the Erie Facility") is located at 2205 East 33rd Street, Erie, Pennsylvania 16510. Defendants MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP., TARTAN HOLDINGS, LLC, TARTAN HOLDINGS II, LLC, and IUVO BIOSCIENCE-ERIE, LLC will at times be referred to herein as "STERILIZATION DEFENDANTS."

34.     Upon information and belief, Defendants MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP. TARTAN HOLDINGS, LLC, TARTAN HOLDINGS II, LLC and ERIE STERILIZATION REAL ESTATE LLC, have at various times, owned the property on which the Erie Facility is located. MOOG, INC. f/k/a MMC STERILIZATION SERVICES GROUP, INC. f/k/a MEDICAL MANUFACTURING CORP., TARTAN HOLDINGS, LLC, TARTAN HOLDINGS II, LLC and

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4.23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ERIE STERILIZATION REAL ESTATE LLC are referred to collectively herein as "LANDLORD DEFENDANTS."

35.     At all times relevant to this Complaint, Defendants PAUL NIEMET, JEFFREY DICKSON, and MARY RICHARDSON were high-level supervisors and managers employed by the STERILIZATION DEFENDANTS, in Erie, Pennsylvania. Defendants PAUL NIEMET, JEFFREY DICKSON, and MARY RICHARDSON were each acting in the course and scope of their employment and were agents of the STERILIZATION DEFENDANTS at all times relevant to this Complaint. Defendants PAUL NIEMET, JEFFREY DICKSON, and MARY RICHARDSON were responsible for the operation, management, and/or control of the Erie Facility, including the Facility's handling of EtO. Defendants PAUL NIEMET, JEFFREY DICKSON, and MARY RICHARDSON will at times be referred to collectively herein as the "FACILITY MANAGERS."

## FACTUAL ALLEGATIONS

36.     Plaintiff ALEX GRABOWSKI was diagnosed with Acute Myeloid Leukemia in or around December 28, 2022.

37.     From November 2013 to the present, Plaintiff ALEX GRABOWSKI has resided 1.17 miles from the Erie Facility, at his residence: 1229 East 28th Street, Erie, Pennsylvania 16504.

38.     From September 2010 to December 2021, Plaintiff ALEX GRABOWSKI worked 4.39 miles northeast from the facility.

39.     The toxic EtO emissions were ongoing upon the property and person of Plaintiff ALEX GRABOWSKI during this time because since at least 1986 the Sterilization Defendants, began their operation of the medical equipment sterilization facility.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

40.    Plaintiff ALEX GRABOWSKI learned of the causal connection between EtO and its and its toxic carcinogenic effects—specifically its link to blood cancers, including Acute Myeloid Leukemia, through social media in November of 2024.

41.    Plaintiff ALEX GRABOWSKI was unaware that he was being subjected to dangerous levels of EtO. Further, at the time of the purchase of his property, Plaintiff was unaware that Plaintiff's property was located nearby to an Ethylene Oxide emitting facility, nor could Plaintiff have known the extent of the emissions.

42.    Toxic chemicals and fumes released by Defendants constitute ongoing and continuing nuisances and trespasses upon the property and persons of Plaintiff, and this exposure to EtO has done and continues to do demonstrable harm to the value of Plaintiff's property. Defendants' emissions of EtO from the Erie facility resulted in a continuous, ongoing physical invasion of Plaintiff's property by a hazardous gas that settles onto Plaintiff's property, and this physical, tangible invasion of EtO emitted by Defendants has caused demonstrable damage to the market value of Plaintiff's home. The unabated and continuing nuisance created by Defendants' emission of EtO had a demonstrable effect on the value of Plaintiff's property. The EtO admitted by Defendants entered and affected the air quality within Plaintiff's home, caused cancer to many of Plaintiff's neighbors and other physical ailments to others, and caused Plaintiff cancer, discomfort, loss of peace of mind, unhappiness, and annoyance.

43.    Ethylene Oxide, or EtO, is an odorless and colorless flammable gas at room temperature that is produced in large volumes for industrial uses.

44.    Commercial medical equipment sterilizers use ethylene oxide in their sterilization processes for over 20 billion health care products every year in the United States. The EtO sterilization process begins by placing medical equipment in a gas chamber. After air is pumped

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

out of the chamber, ethylene oxide is introduced and allowed to diffuse into the products for several hours. Once the medical equipment is sterilized, the Ethylene Oxide is pumped out of the chamber and the remaining EtO is allowed to slowly dissipate.

45. Since at least 1986, the STERILIZATION DEFENDANTS have used, and continue to use, EtO in their industrial medical device sterilization processes.[1]

46. Through their industrial processes, the STERILIZATION DEFENDANTS emit EtO into the air, allowing it to disburse and be carried by wind and natural air movement throughout the area surrounding the Erie Facility. As such, residents and workers in the area have unknowingly been exposed to carcinogenic ethylene oxide for decades.

47. At all relevant times, the STERILIZATION DEFENDANTS knew, or should have known, that EtO is dangerous, toxic, carcinogenic, mutagenic, and the cause of various illnesses. As long-term users and emitters of EtO, Defendants had superior knowledge of and access to information regarding the dangers of EtO than the general public or Plaintiffs ALEX GRABOWSKI and LAUREN GRABOWSKI.

48. EtO is highly reactive, readily taken up by the lungs, efficiently absorbed into the blood stream, and easily distributed throughout the human body.

49. There is no known safe level of cumulative EtO exposure; its carcinogenic and DNA-damaging effects have been widely studied and known since the 1940s and definitively known to Defendants since at least 1985.

---

[1] *See* History, quoting "iuvo was founded in 1978 as Sterilization Testing Services (STS), which provided ethylene oxide sterilization services along with associated ethylene oxide residual analysis, microbiology testing, and in vivo toxicology testing." (https://www.iuvobioscience.com/about/history/ last accessed August 19, 2024).

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

50.    Furthermore, in 2016, the EPA presented new data revealing that the EPA determined EtO increased the risk of cancer 60 times what was previously thought. This risk only increases as children are more susceptible to the toxic effects of this carcinogen.

51.    Notwithstanding, for decades Defendants chose to operate their respective businesses such that their EtO was emitted in densely populated areas full of children, houses, parks, schools, and businesses, significantly increasing Plaintiff ALEX GRABOWSKI's and the other residents of Erie's risk of cancer.

52.    Further, although technologies to control EtO have been available and widely used since the 1980s, the STERILIZATION DEFENDANTS operated the Erie Facility for years without using the best practices and control technologies available to reduce its emissions.

53.    As sophisticated corporations and long-term users, transporters, and emitters of EtO, Defendants had superior knowledge and access to information regarding the dangers of EtO, more so than the general public or Plaintiff ALEX GRABOWSKI.

54.    While the deleterious properties of EtO are not widely known to the average person not involved in the business of using EtO, the deleterious properties of EtO have been known, or should have been known to Defendants and anyone in the business of using and emitting EtO as part of a sterilization process, for decades. By way of example:

  a.    In a 1977 article, the National Institute of Occupational Safety and Health ("NIOSH") concluded that occupational exposure to ethylene oxide may increase the frequency of genetic mutations in humans. The NIOSH report also raised concerns about the potential carcinogenicity of ethylene oxide.

  b.    In 1981, the NIOSH released a subsequent report which recommended that EtO be regarded in the workplace as a potential occupational carcinogen. The NIOSH

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

based its recommendation on new evidence of EtO's carcinogenic, mutagenic, and reproductive hazards, including studies demonstrating that EtO induced cancer in experimental animals. Specifically, the studies showed an increase in instances of leukemia in line with increases of EtO concentrations, in addition to other adverse effects on reproductive health. An epidemiological investigation of Swedish workers exposed to EtO also revealed increased incidences of leukemia and other cancers.

c. In 1985, the U.S. Department of Health and Human Services published the Fourth Annual Report on Carcinogens and classified EtO as reasonably anticipated to be a human carcinogen.

d. In the early 1990s, the NIOSH published the largest and most informative epidemiological study of ethylene oxide. The study analyzed over 18,000 employees working with EtO at fourteen different industrial facilities sterilizing medical equipment and food spices. The study found sufficient evidence to support a causal link between exposure to ethylene oxide and increased mortality from lymphatic and hematopoietic cancers. Follow-up studies have additionally demonstrated an association between EtO exposure and breast cancer.

e. In 1994, as a result of these findings, the World Health Organization ("WHO") listed EtO as a Group 1 human carcinogen—the agency's highest risk classification—finding ethylene oxide to be carcinogenic to humans.

f. In 2000, following suit, the U.S. Department of Health and Human Services reclassified EtO to "known to be a human carcinogen."

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

g. The U.S. Department of Labor's Occupational Safety and Health Administration's (hereinafter "OSHA") 2002 fact sheet on EtO indicates that "[b]oth human and animal studies show that EtO is a carcinogen" and requires employers to provide clear signs and labels notifying workers of EtO's "carcinogenic and reproductive hazards."[2]

h. In 2016, the EPA's Integrated Risk Information System similarly reclassified EtO as carcinogenic to humans, and increased—by a multiple of thirty—its estimate of EtO's cancer potency.[3]

i. Ethylene oxide exposure affects the most vulnerable members of the population. The United States Environmental Protection Agency ("U.S. EPA") states that "for a single year of exposure to ethylene oxide, the cancer risk is greater for children than for adults. That is because ethylene oxide can damage DNA."

55. On August 22, 2018, the U.S. EPA released the 2014 National Air Toxic Assessment ("NATA") – a screening tool that estimates cancer risks based on emission data in 76,727 census tracts across the United States. The 2014 NATA revealed 109 census tracts in the United States with cancer risk scores greater than 100 cases per one million people exposed to toxic air pollution during their lifetime, more than what the U.S. EPA considers "acceptable" limits.

56. The U.S. EPA "considers any exposure, however small, to a carcinogen to create some cancer risk."

---

[2] https://www.osha.gov/OshDoc/data_General_Facts/ethylene-oxide-factsheet.pdf *accessed 8/17/2020*.
[3] *See* Occupational Safety and Health Administration (OSHA), OSHA Fact Sheet: Ethylene Oxide, https://www.osha.gov/OshDoc/data_General_Facts/ethylene-oxide-factsheet.pdf, (last accessed: February 9, 2024).

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

57.    Despite knowing these risks, the STERILIZATION DEFENDANTS' EtO sterilization process did not comply with safe and prudent methods of EtO sterilization.

58.    At all relevant times, the FACILITY MANAGERS were responsible for the operation, management, and/or control of the Facility located in Erie, Pennsylvania, including the Facility's handling of EtO. The factual allegations set forth in ¶¶ 36-57 apply equally to the FACILITY MANAGERS and are realleged as if set forth more fully in this paragraph. The FACILITY MANAGERS knew, or should have known, of the carcinogenic properties of EtO and acted to prevent its emissions. The FACILITY MANAGERS negligently and/or intentionally failed to report or disclose the numerous EtO spills. The FACILITY MANAGERS took steps to prevent the government and the public from gaining knowledge about the extent of EtO emissions.

59.    At all relevant times, Defendants—by way of failure to implement control measures to limit emissions, failure to upgrade sterilization equipment, intentional shortening of EtO de-gassing/aeration/quarantining time, and/or other unsafe practices—subjected Plaintiff ALEX GRABOWSKI and the Erie, Pennsylvania community to unhealthy and dangerous levels of EtO in order to increase profits and/or cut costs.

### FIRST CAUSE OF ACTION
#### (Negligence)

60.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-59 of this Complaint with the same force and effect as if fully set forth herein.

61.    Plaintiff ALEX GRABOWSKI was exposed to harmful levels of EtO as a proximate result of the acts and omissions of each Defendant, individually and collectively.

62.    As a proximate result of each Defendant's negligent acts and omissions, individually and collectively, Plaintiff ALEX GRABOWSKI developed and was otherwise diagnosed as suffering from Acute Myeloid Leukemia.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

63.    At all times relevant, each Defendant owed a duty to exercise reasonable care in the operation of the Erie Facility, including regulating the emission of EtO.

64.    At all times relevant hereto, each Defendant knew, or should have known, of the carcinogenic properties of EtO generally and also of that being omitted from the work of the Erie Facility.

65.    At all times relevant hereto, each Defendant knew or should have known the foreseeability of harm to others, like Plaintiffs, if they emitted substantial amounts of EtO into the air via direct emissions and fugitive emissions.

66.    Defendants breached their duty in one or more of the following ways:

a. Emitting EtO into the air from the Erie Facility;

b. Emitting excessive, unnecessary, and/or dangerous volumes of EtO into the air from the Erie Facility;

c. Using EtO as part of its sterilization process when safer alternatives could accomplish the same or similar business purposed without presenting the same level of risk to human health and well-being;

d. Disregarding safe methods to adequately control EtO emissions from the Erie Facility;

e. Failing to report fugitive emissions of EtO;

f. Placing its own economic interest above the health and well-being of those who live or work in the community near the Erie Facility;

g. Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that they are being exposed to EtO;

14

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

h.  Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that they were breathing in EtO;

i.  Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that it was emitting a known carcinogen into the air from its Facility in Erie, Pennsylvania;

j.  Failing to employ safe methods to adequately control, reduce, minimize, and/or mitigate EtO emissions from the Erie Facility;

k.  Failing to adequately study and test the effect of its EtO emission from the Erie Facility on the quality of air;

l.  Misleading government entities as to the nature and extent of EtO emissions from the Erie Facility;

m.  Concealing from the public the nature and extent of EtO emissions from the Erie Facility;

n.  Failing to adequately study and test the effect of its EtO emissions from the Erie Facility on the health and well-being of those who live and work in the nearby community; and

o.  Subjecting Plaintiffs and those who live and work near the Erie Facility to an elevated cancer risk.

67.    The STERLIZATION DEFENDANTS were additionally negligent in the hiring, training, supervision, and retention of their various employees and agents who participated in the activities of the Erie Facility.

68.    Defendants' negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was the proximate cause of Plaintiff ALEX GRABOWSKI's illness and injuries,

Case# 2024-13177-O Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

as a result of which Plaintiff ALEX GRABOWSKI has suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

69.     Plaintiffs are entitled to recover damages against each Defendant for their individual and collective acts of negligence in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Private Nuisance)

70.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-69 of this Complaint with the same force and effect as if fully set forth herein.

71.     The right of enjoyment of private property is an absolute right of every citizen.

72.     At all relevant times, Defendants knew or should have known EtO to be hazardous and harmful to humans.

73.     At all relevant times, Defendants knew or should have known that the levels of EtO gas emitted from the Erie Facility would have a toxic, poisonous, and deleterious effect upon the health, safety, and wellbeing of people living and working in the community.

74.     Defendants knew or should have known that the levels of EtO gas emitting from the Erie Facility would have a toxic, poisonous, and deleterious effect upon the health, safety, and wellbeing of persons breathing it on a regular basis.

75.     Defendants' operation, maintenance, and use of the Erie Facility caused those who live and work in the area surrounding the Erie Facility to breathe air containing high levels of EtO on a routine and constant basis, causing a substantially elevated risk of cancer.

76.     Defendants' emissions of carcinogenic EtO interfere with Plaintiff's enjoyment of property and cause hurt, inconvenience, or damage to Plaintiffs.

Case# 2024-13177-O Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

77.    As a proximate result of the Defendants' operation, maintenance, and use of the Erie Facility, Plaintiff ALEX GRABOWSKI's right to breathe clean air without dangerous levels of carcinogens such as EtO was eliminated and/or severely diminished.

78.    As a proximate result of Defendants' operation, maintenance, and use of the Erie Facility, EtO continuously invaded and contaminated the areas surrounding the Erie Facility, including Plaintiff ALEX GRABOWSKI's residence.

79.    As a proximate result of Defendants' use and emission of EtO, Plaintiff ALEX GRABOWSKI was exposed to and inhaled a significant, meaningful, and more than *de mininis* amount of EtO.

80.    As a proximate result of Defendants' use and emission of EtO, Plaintiff ALEX GRABOWSKI sustained and will continue to sustain severe and permanent damage to his health due to the emission of EtO.

81.    As a proximate result of Plaintiff ALEX GRABOWSKI's inhalation of EtO from the Erie Facility, Plaintiff ALEX GRABOWSKI has suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

### THIRD CAUSE OF ACTION
### (Public Nuisance Pursuant to 11 Pa. C.S. § 127A01)

82.    Plaintiffs repeat, reallege and reaffirm each and every allegation set forth in ¶¶ 1-81 of this Complaint with the same force and effect as if fully set forth herein.

83.    The Defendants have known for decades that EtO is toxic to humans.

84.    At all times relevant, the Defendants' use and emissions of EtO constituted an unreasonable interference with the public's right to breathe clean air—least of all where communities reside, work, and raise their children.

85.    The conduct of Defendants, by means of their use and emissions of EtO, involved and continues to involve a significant interference with the public health and public safety as said Defendants' conduct placed those individuals who inhaled the toxic air at a significantly increased risk of developing blood cancers, breast cancer, and other cancers, as well as other diseases and defects.

86.    The conduct of Defendants, in their use and emissions of EtO, is of a continuing nature because defendants continue to emit EtO to this day despite knowing the risk, and Defendants have been emitting EtO since at least 1986.

87.    The general public has a right to breathe clean air that does not contain dangerous and excessive levels of carcinogens. This right is exemplified and codified in Article I of the Pennsylvania Constitution in Section 27 titled "Natural Resources and the Public Estate." The text states: "The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment."

88.    At all times relevant, Defendants operated the Facility such that their use and emissions caused residents of the area, such as Plaintiff, to breathe in a toxic, carcinogenic, and mutagenic gas on a near-constant basis, causing a substantially increased and elevated risk of developing cancer.

89.    Plaintiff ALEX GRABOWSKI did, indeed, contract a cancer associated with exposure to EtO.

90.    As a direct and proximate result of the Defendants' improper, negligent, wrongful, and grossly negligent use and emissions of EtO from Defendants' Facility, Plaintiff ALEX GRABOWSKI and the general public's right to breathe clean air without dangerous levels of carcinogens such as EtO was eliminated and/or severely diminished.

18

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4.23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

91.     As a direct and proximate result of the Defendants' improper, negligent, wrongful, and grossly negligent use and emissions of EtO from Defendants' Facility, Plaintiff ALEX GRABOWSKI was caused to be continually exposed to EtO through regular and continuous inhalation.

92.     As a direct and proximate result of the Defendants' improper, negligent, wrongful, and grossly negligent use and emissions of EtO from Defendants' Facility, Plaintiff ALEX GRABOWSKI developed Acute Myeloid Leukemia.

93.     Therefore, Plaintiff ALEX GRABOWSKI and LAUREN GRABOWSKI demands damages against all Defendants, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

## FOURTH CAUSE OF ACTION
### (Ultrahazardous Activity/Strict Liability)

94.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-93 of this Complaint with the same force and effect as if fully set forth herein.

95.     Defendants' use and emission of EtO from the Erie Facility constitutes an ultrahazardous activity.

96.     Defendants' use and emission of EtO created a high degree of risk to those who live and work in the surrounding area. Further, the likelihood of cancer caused by Defendants' use and emission of EtO is significantly higher than the level of acceptable risk.

97.     Defendants' use and emission of EtO is especially inappropriate given the densely populated residential and commercial area in which the Erie Facility is located.

98.     The activities, as conducted by each and every Defendant are exceedingly dangerous and offer little to no value to the surrounding community.

99.    Because Defendants' activities are ultrahazardous, they are strictly liable for any injuries proximately resulting therefrom.

100.    As a proximate result of Defendants' ultrahazardous activities, Plaintiff ALEX GRABOWSKI was exposed to and inhaled carcinogenic amounts of EtO.

101.    As proximate result of Plaintiff ALEX GRABOWSKI's inhalation of EtO from the Erie Facility, Plaintiff ALEX GRABOWSKI has suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

### FIFTH CAUSE OF ACTION
### (Violation of Article 1, Section 27 of the Pennsylvania Constitution)

102.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-101 of this Complaint with the same force and effect as if fully set forth herein.

103.    At all times relevant hereto, pursuant to Article 1, Section 27 of the Pennsylvania Constitution, Plaintiff ALEX GRABOWSKI had a right to clean air.

104.    For all the reasons outlined throughout the entirety of this complaint, the Defendants violated and invaded Plaintiff ALEX GRABOWSKI's right, pursuant to Article 1, Section 27 of the Pennsylvania Constitution, to clean air by emitting excessive and dangerous amounts of EtO inhaled by Plaintiff ALEX GRABOWSKI and consequently through which he contracted cancer.

105.    The Defendants violated and invaded Plaintiff ALEX GRABOWSKI's right, pursuant to Article 1, Section 27 of the Pennsylvania Constitution, to clean air by committing all the various acts and omissions that are specifically outlined and averred in all Counts of this Complaint, and which also form the basis for Plaintiff's other counts in the Complaints.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4.23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

106.    At all times relevant, Defendants were bound by Article 1, Section 27 of the Pennsylvania Constitution's mandate to ensure that people in Pennsylvania, including Plaintiff ALEX GRABOWSKI, had clean air to breathe.

107.    As a resident of Pennsylvania during the relevant period of time, Plaintiff ALEX GRABOWSKI is one of the class of persons to whom the benefit of Article 1, Section 27 of the Pennsylvania Constitution was specifically conferred.

108.    It was the intent of the legislature and citizens and residents of Pennsylvania that a private right of action and remedy exist pursuant to Article 1, Section 27 of the Pennsylvania Constitution.

109.    A private right of action pursuant to Article 1, Section 27 of the Pennsylvania Constitution is consistent with the underlying purpose of the Article 1, Section 27 of the Pennsylvania Constitution to protect people in Pennsylvania from breathing, polluted, unclean or unsafe air.

110.    Therefore, Plaintiffs ALEX GRABOWSKI and LAUREN GRABOWSKI demand damages against all Defendants, including punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages, and costs on all counts.

## SIXTH CAUSE OF ACTION
### (Aiding and Abetting Tortious Conduct – As to LANDLORD DEFENDANTS only)

111.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-99 of this Complaint with the same force and effect as if fully set forth herein.

112.    LANDLORD DEFENDANTS own[ed] and rent[ed] to the STERLIZATION DEFENDANTS the property upon which the Erie Facility is located and the building in which the Erie Facility is operated.

113.    At all relevant times, LANDLORD DEFENDANTS assisted the STERILIZATION DEFENDANTS in their operations through, at the very least, the maintenance of the building and property. LANDLORD DEFENDANTS knew the STERILIZATION DEFENDANTS' operations would emit EtO into the atmosphere.

114.    At all times LANDLORD DEFENDANTS assisted the STERILIZATION DEFENDANTS, LANDLORD DEFENDANTS knew or should have known that EtO is carcinogenic to humans.

115.    Without assistance from LANDLORD DEFENDANTS the STERILIZATION DEFENDANTS would not have been able to operate the Erie Facility or been able to emit EtO into the area surrounding the Erie Facility.

116.    As a proximate result of LANDLORD DEFENDANTS/ assistance, the STERILIZATION DEFENDANTS negligently breached their duty and failed to exercise ordinary care for the health and well-being of Plaintiff ALEX GRABOWSKI.

117.    LANDLORD DEFENDANTS knowingly assisted, aided, and abetted the STERILIZATION DEFENDANTS in their negligence against Plaintiff, and are liable to Plaintiffs, along with the other Defendants, for causing or contributing to Plaintiff ALEX GRABOWSKI's illness and injuries.

118.    As a proximate result of the actions and omissions of LANDLORD DEFENDANTS, Plaintiff ALEX GRABOWSKI has suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## SEVENTH CAUSE OF ACTION
### (*Respondeat Superior* and/or Vicarious Liability – as to the STERILIZATION DEFENDANTS only)

119.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-118 of this Complaint with the same force and effect as if fully set forth herein.

120.    Upon information and belief, at all times pertinent to this Complaint, the actions taken by STERILIZATION DEFENDANTS were undertaken by employees and/or agents of the STERILIZATION DEFENDANTS ("the FACILITY MANAGERS").

121.    Upon information and belief, at all times pertinent to this Complaint, the FACILITY MANAGERS were acting within the course and scope of their employment and/or agency with the STERILIZATION DEFENDANTS.

122.    Upon information and belief, at all times pertinent to this Complaint, the FACILITY MANAGERS were acting in furtherance of the interests of the STERILIZATION DEFENDANTS.

123.    The STERILIZATION DEFENDANTS are therefore liable under the doctrines of *respondeat superior*, vicarious liability and/or statutory employer liability for the tortious acts and/or omissions of their employees and/or agents.

124.    As a proximate cause of the acts and omissions of the STERILIZATION DEFENDANTS, by and through the FACILITY MANAGERS, Plaintiff ALEX GRABOWSKI has suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4.23 PM. Fee = 143.75 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### EIGHTH CAUSE OF ACTION
### (Loss of Consortium)

125.  Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-124 of this Complaint with the same force and effect as if fully set forth herein.

126.  Plaintiff LAUREN GRABOWSKI is the spouse of Plaintiff ALEX GRABOWSKI.

127.  As a proximate result of the wrongful and tortuous acts of Defendants, Plaintiff LAUREN GRABOWSKI has suffered the loss of affection, society, comfort, support, consortium, and companionship of her husband, Plaintiff ALEX GRABOWSKI.

128.  Defendants' wrongful conduct as alleged above was the proximate cause of the damages suffered by Plaintiff ALEX GRABOWSKI and has caused Plaintiff LAUREN GRABOWSKI to incur damages in an amount to be proven at trial equal to the loss of affection, society, comfort, support, consortium and companionship of her husband.

### NINTH CAUSE OF ACTION
### (Gross Negligence - Punitive Damages)

129.  Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in ¶¶ 1-128 of this Complaint with the same force and effect as if fully set forth herein.

130.  At all times relevant, Defendants owed a duty to refrain from willful and wanton misconduct and/or conduct which exhibited an indifference and/or conscious disregard to the health, safety, and well-being of Plaintiffs and those living and working in the area surrounding the Erie Facility. Notwithstanding their duties, Defendants have been grossly negligent and have breached their duties in one or more of the following ways:

   a.  Emitting or allowing the emission of dangerous volumes of EtO into the air from the Erie Facility;

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b.  Disregarding safe methods to adequately control EtO emissions from the Erie Facility;

c.  Failing to install, maintain and/or operate adequate control or treatment equipment of EtO emission from the Erie Facility or require same be done or implemented;

d.  Failing to warn or advise those who live, work, or attend school in the community that they were being exposed to EtO;

e.  Failing to reasonably test for and/or adequately record test results of high levels of EtO in Plaintiff's environment;

f.  Ignoring or not acting upon test results showing high levels of EtO;

g.  Underreporting EtO levels; and

h.  Subjecting those who live and work near its facilities to elevated cancer risks.

131.  Defendants were motivated by financial profit to intentionally, recklessly, maliciously, fraudulently, willfully, and wantonly expose Plaintiff to EtO by failing to take proper precautions to prevent the emission of unsafe levels of EtO from these facilities.

132.  As a proximate result of Defendants' gross negligent use and emission of EtO, Plaintiff ALEX GRABOWSKI has breathed in air contaminated with elevated levels of EtO—amounts that are far higher and more hazardous than acceptable standards, including those set by the U.S. EPA, and Plaintiff ALEX GRABOWSKI was diagnosed with and is suffering from Acute Myeloid Leukemia.

133.  The conduct of each Defendant as set forth hereinabove showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences.  Therefore, Plaintiffs ALEX GRABOWSKI and LAUREN GRABOWSKI demand damages against all Defendants, including

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

punitive damages, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts to punish and deter each Defendant from repeating or continuing such unlawful conduct.

### TENTH CAUSE OF ACTION
### (Negligence: Property Damage)

134.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in ¶¶ 1-133 of this Complaint with the same force and effect as if fully set forth herein.

135.    Plaintiff ALEX GRABOWSKI was exposed to harmful levels of EtO as a proximate result of the acts and omissions of each Defendant, individually and collectively.

136.    Plaintiff's property and neighborhood were exposed to harmful levels of EtO as a proximate result of the acts and omissions of each Defendant, individually and collectively.

137.    As a proximate result of each Defendants' negligent acts and omissions, individually and collectively, Plaintiff's property value was negatively affected.

138.    At all times relevant, each Defendant owed a duty to exercise reasonable care in the operation of the Facility, including regulating the emission of EtO, not leaking EtO and not falsely reporting that leaks did not occur, obtaining the proper permits, and securely storing explosive and hazardous materials rather than stockpiling excessive amounts of this hazardous material and improperly storing it.

139.    At all times relevant hereto, each Defendant knew or should have known the foreseeability of harm to others, like Plaintiffs, if they emitted substantial amounts of EtO into the air via direct emissions and fugitive emissions.

140.    Defendants breached their duty in one or more of the following ways:

a.      Emitting EtO into the air from the Erie Facility;

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b.   Emitting excessive, unnecessary, and/or dangerous volumes of EtO into the air from the Erie Facility;

c.   Using EtO as part of its sterilization process when safer alternatives could accomplish the same or similar business purposed without presenting the same level of risk to human health and well-being;

d.   Disregarding safe methods to adequately control EtO emissions from the Erie Facility;

e.   Failing to report fugitive emissions of EtO;

f.   Placing its own economic interest above the health and well-being of those who live or work in the community near the Erie Facility;

g.   Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that they are being exposed to EtO;

h.   Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that they were breathing in EtO;

i.   Failing to warn or advise Plaintiffs, as well as those who live or work in the community near the Erie Facility, that it was emitting a known carcinogen into the air from its Facility in Erie, Pennsylvania;

j.   Failing to employ safe methods to adequately control, reduce, minimize, and/or mitigate EtO emissions from the Erie Facility;

k.   Failing to adequately study and test the effect of its EtO emission from the Erie Facility on the quality of air;

l.   Misleading government entities as to the nature and extent of EtO emissions from the Erie Facility;

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

m.  Concealing from the public the nature and extent of EtO emissions from the Erie Facility;

n.  Failing to adequately study and test the effect of its EtO emissions from the Erie Facility on the health and well-being of those who live and work in the nearby community; and

o.  Subjecting Plaintiffs and those who live and work near the Erie Facility to an elevated cancer risk.

141.  The STERLIZATION DEFENDANTS were additionally negligent in the hiring, training, supervision, and retention of their various employees and agents who participated in the activities of the Erie Facility.

142.  Defendants' negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was the proximate cause of Plaintiff ALEX GRABOWSKI's property devaluation, as a result of which Plaintiff ALEX GRABOWSKI is entitled to recover damages for Plaintiff's loss in property value in an amount to be proven at a trial of this action.

## ELEVENTH CAUSE OF ACTION
### (Trespass)

143.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in ¶¶ 1-142 of this Complaint with the same force and effect as if fully set forth herein.

144.  The Defendants' wrongful release of toxic fumes and chemicals has resulted in tangible invasions of the properties owned by the Plaintiff. Toxic chemicals and fumes released by Defendants constitute ongoing and continuing nuisances and trespasses upon the property and persons of the Plaintiff, and this exposure to EtO has done and continues to do demonstrable harm to the value of Plaintiff's property. Defendants' emissions of EtO from the Erie facility resulted in a continuous, ongoing physical invasion of Plaintiff's property by a hazardous gas

that settles onto Plaintiff's property, and this physical, tangible invasion of EtO emitted by Defendants has caused demonstrable damage to the market value of Plaintiff's home. The unabated and continuing nuisance created by Defendants' emission of EtO had a demonstrable effect on the value of Plaintiff's property. The EtO emitted by Defendants entered and affected the air quality within Plaintiff's home, caused cancer to many of Plaintiff's neighbors and other physical ailments to others, and caused Plaintiff discomfort, loss of peace of mind, unhappiness, and annoyance. At the time of the purchase of Plaintiff's property, Plaintiff was unaware that Plaintiff's property was located nearby to an Ethylene Oxide emitting facility, nor could Plaintiff have known the extent of the emissions.

145.   As a result of the Defendants' wrongful and continued trespasses, the Plaintiff has suffered a substantial loss of Plaintiff's right to the use and enjoyment of Plaintiff's properties and has suffered special damages that include a loss in the value of Plaintiff's properties and physical damage to Plaintiff's homes.

146.   The Plaintiff is entitled to recover from the Defendants fair compensation for the loss of the use and enjoyment of Plaintiff's property and for Plaintiff's special damages, including the loss of the value of Plaintiff's property, costs to repair and abate damage to Plaintiff's home, and costs to protect Plaintiff's home in the future.

147.   Plaintiff is entitled to recover from the Defendants nominal, special, and general damages.

148.   Plaintiff is entitled to recover exemplary damages sufficient to punish the Defendants and to deter them from further wrongful conduct.

149.   Plaintiff is entitled to injunctive relief enjoining the continuing trespasses by the Defendants to the extent that the trespasses can be abated.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75  The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE, Plaintiffs pray**:

a.  That process issue according to law;

b.  That each Defendant be served with a copy of Plaintiffs' Complaint and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

c.  That Plaintiffs be granted a trial by jury in this matter;

d.  That the Court enter a judgment against each Defendant for all general and compensatory damages allowable to Plaintiffs;

e.  That the Court enter a judgment against each Defendant for all special damages allowable to Plaintiffs;

f.  That the Court enter a judgment against each Defendant serving to award Plaintiffs punitive damages as provided by law;

g.  That the Court enter a judgment against each Defendant for all other relief sought by Plaintiffs under this Complaint;

h.  That the costs of this action be cast upon Defendants; and

i.  That the Court grant Plaintiffs such further relief which the Court deems just and appropriate.

Respectfully submitted this 23rd day of December, 2024.

> ___/s/ Thomas E. Bosworth_____
> Thomas E. Bosworth
> Benjamin J. Phelps
> Attorney Identification Nos. 323350 / 336445
> **BOSWORTH DEANGELO, LLC**
> 123 So. Broad Street, Suite 1100
> Philadelphia, PA  19109
> (267) 928-4183
> tom@bosworthdeangelo.com
> benjamin@bosworthdeangelo.com

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM, Fee = 143.75, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-13177-0 Received at Erie County Prothonotary on 12/23/2024 4:23 PM. Fee = 143.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

And

___/s/ Eric J. Hertz_____

Eric J. Hertz* Lillian Leibu*
**ERIC J. HERTZ, P.C.**
*Pro Hac Vice to be submitted*
8300 Dunwoody Place
Suite 210
Atlanta, GA 30350
(404) 577-8111
hertz@hertz-law.com
lilly@hertz-law.com

And

___/s/ Sharon J. Zinns_____

Sharon J. Zinns
*Pro hac vice application to be submitted*
**ZINNS LAW, LLC**
4243 Dunwoody Club Drive
Suite 104
Atlanta, Georgia 30350
(404) 882-9002
sharon@zinnslaw.com

*Attorneys for Plaintiff*

DEC 2 7 2024